

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00179-CR

CRISTOBAL TORRES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2011-433,062, Honorable John J. "Trey" McClendon, Presiding

March 7, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Cristobal Torres appeals his conviction by jury for the offense of murder[1] and the resulting sentence of 70 years of imprisonment. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. Based on

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2012).

[2] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008).

the rationale expressed herein, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed as reformed.

## Background

In November 2011, a Lubbock County grand jury indicted appellant for the murder of Joe Martinez, alleging he "did then and there commit the felony of Aggravated Assault, and while in the course of and furtherance of the commission of said Aggravated Assault, did then and there commit an act clearly dangerous to human life, to-wit: by shooting the said JOE MARTINEZ with a firearm, and did thereby cause the death of JOE MARTINEZ." Appellant plead not guilty to the charged offense.

The State presented witnesses to show that in early November 2011, a Lubbock club hosted a gathering after a mixed marital arts cage fight event. During that gathering, a verbal confrontation occurred between members of two "rival" groups. The first group, the victim Martinez and his friends, left the club in a white Lincoln Navigator. The other group, appellant and his friends, followed the Navigator from the club in a truck. As the Navigator drove away, three gunshots were fired at it from the vehicle in which appellant was a passenger. The rear left-side window was shattered and Martinez was struck in the head by a bullet. The medical examiner testified at trial that the cause of Martinez's death was a penetrating gunshot to his head. Bullets and matching shell casings were located at the scene. No firearm was recovered.

Appellant made incriminating statements which were admitted into evidence. Appellant did not testify and the defense rested without presenting additional evidence.

2

The jury found appellant guilty as charged in the indictment and assessed punishment as noted. This appeal followed.

Analysis

Appellant's counsel on appeal expresses his opinion in the *Anders* brief that nothing in the record establishes arguably reversible error in the case and the appeal is frivolous. The brief discusses the case background, discusses the witness testimony in detail, and discusses the evidence admitted, objections made, motions filed and hearings held. Counsel discusses several grounds of potential error but concludes there are no arguable grounds for appeal. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw. The correspondence also points out appellant's right to file a *pro se* response. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we may not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this Court determines the appeal arguably has merit, we must remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal in this case. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824

(Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

We do note an issue regarding the wording of the trial court's judgment. The judgment of conviction shows the statute for the offense of which appellant was convicted to be section 19.02(b)(1) of the Penal Code. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2012). However, the record is clear appellant was charged and convicted of the means of murder described in section 19.02(b)(3). *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2012). The Texas Rules of Appellate Procedure give us authority to reform judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see Asberry v. State,* 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd) (the authority of the appellate court to reform incorrect judgments is not dependent on request of any party; the appellate court may act *sua sponte*); *Battle v. State*, No. 06-07-00148-CR, 2008 Tex. App. LEXIS 1319 (Tex. App.—Texarkana Feb. 25, 2008, no pet.) (mem. op., not designated for publication) (reforming judgment to reflect proper statute under which defendant should have been convicted). We reform the judgment to reflect that appellant's conviction was under section 19.02(b)(3), rather than section 19.02(b)(1), of the Texas Penal Code.

Conclusion

The motion of counsel to withdraw[3] is granted and the judgment of the trial court is affirmed as reformed.  TEX. R. APP. P. 43.2(b).

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.